IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARTIN DEEMER,<br>Plaintiff | : <br> : <br> : | |
| vs. | : | CIVIL NO. 1:CV-12-1143 |
| JEFFREY A. BEARD, et al.<br>Defendants | : <br> : <br> : <br> : <br> : | (Judge Caldwell) |

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, James Martin Deemer, has filed a 28 U.S.C. § 1983 action alleging that the defendants violated the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment by improperly keeping him imprisoned for 366 days beyond the expiration of his maximum sentence. At the time he filed his complaint, Plaintiff had been released from confinement, so he seeks only compensatory and punitive damages. The defendants are officials and employees of the Pennsylvania Department of Corrections and members and officers of the Pennsylvania Board of Probation and Parole (Parole Board).

Defendants have filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing in part that Plaintiff fails to state a claim because the challenged confinement was not invalidated in prior proceedings, as required by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and its progeny. In opposition, Plaintiff admits that he was unsuccessful in state court in invalidating the legality of the confinement.

However, he strenuously argues that the *Heck* rule should not apply to his case because he had diligently pursued his state-court remedies and his challenge to his confinement was unsuccessful only because the state court dismissed it as moot upon his release from incarceration.

Plaintiff's argument is not without force, but the Third Circuit has decided otherwise. Hence we will dismiss his Complaint.

II. *Standard of Review*

On a motion to dismiss under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)(quoted cases and internal quotation marks omitted). With this standard in mind, we set forth the background to this case, as Plaintiff alleges it. As will be seen below, the period of confinement at issue is the year and a day Plaintiff was detained in Warren County, New Jersey, awaiting disposition of drug charges there.

III. *Background*

On April 19, 2005, the Parole Board released Plaintiff on parole from a two- to six-year sentence imposed for two counts of retail theft. (Compl. ¶ 14). On May 23, 2006, Plaintiff was recommitted as a parole violator. (*Id.* ¶ 15). Plaintiff was again

released on parole on June 25, 2007. (*Id.* ¶ 16). Plaintiff failed to report to a residential drug treatment program and was declared delinquent on June 27, 2007. (*Id.*).

Plaintiff was a fugitive until he was arrested on November 14, 2007, in Warren County, New Jersey, for a drug violation. He was detained without bail. (*Id.* ¶ 17). Plaintiff was incarcerated in the Warren County prison until November 14, 2008, when the Warren County charges were dismissed. (*Id.* ¶ 20). Plaintiff was then transferred to Bergen County, New Jersey, to serve time on a probation violation in that County. (*Id.* ¶ 22). On May 13, 2009, he was released on parole. (*Id.*).

While Plaintiff was incarcerated in New Jersey, the Parole Board had lodged a detainer against him. (*Id.* ¶ 19). Plaintiff was returned to Pennsylvania. (*Id.* ¶ 23). "By decision mailed June 22, 2009," the Parole Board recommended that he be "recommitted as a technical parole violator with a parole violation maximum date of June 17, 2010." (*Id.*).

Plaintiff claims he was entitled to credit on his Pennsylvania sentence for the 366 days he spent awaiting charges in Warren County. (*Id.* ¶ 25). He made this claim "at several different levels, including an appeal to the [Pennsylvania] Commonwealth Court from the Board's decision." (*Id.* ¶ 26). Plaintiff alleges that under *Martin v. Pennsylvania Bd. of Prob. & Parole*, 576 Pa. 588, 605, 840 A.2d 299, 309 (2003), and *Hears v. Pennsylvania Bd. of Prob. & Parole*, 851 A.2d 1003, 1006 (Pa. Commw. Ct. 2004), he was entitled to credit because the time he spent in Warren County had not been credited to any other sentence. (Compl. ¶¶ 29-30). Plaintiff's appeal to the

commonwealth court "was still pending as of his release from incarceration on June 17, 2010, and his appeal was thereafter dismissed as moot." (*Id.* ¶ 26).

In addition to his state-court appeal, Plaintiff had also filed a petition for a writ of habeas corpus in county court and had written to various persons and agencies, including the defendants, seeking immediate relief. (*Id.* ¶ 28).

IV.   *Discussion*

In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court ruled that a section 1983 claim for damages arising from a criminal conviction does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87, 114 S.Ct. at 2372 (footnote omitted).

*Heck* has been extended to civil-rights cases challenging detention in other contexts. In *Williams v. Consovoy,* 453 F.3d 173, 177 (3d Cir. 2006), the Third Circuit relied on *Heck* to dismiss a section 1983 challenge to a parole-revocation decision. In *McKinney v. Pennsylvania Bd. of Prob. & Parole*, 405 F. App'x 646 (3d Cir. 2010)(nonprecedential), the court of appeals relied on *Heck* to dismiss a section 1983 claim that the plaintiff "had been imprisoned beyond the maximum terms of his

-4-

sentences" "because success on his claims would necessarily imply the invalidity of the fact and the duration of his state confinement, which have not been elsewhere invalidated." *Id.* at 647. *See also Royal v. Durison*, 254 F. App'x 163, 165 (3d Cir. 2007)(nonprecedential)(*Heck* bars a claim that the plaintiff was held six months beyond his maximum allowable sentence). It follows that *Heck* defeats Plaintiff's claim here as well, as noted, a claim that he had been kept incarcerated beyond his maximum sentence date.

Plaintiff opposes this conclusion with the following arguments. First, *Heck* should not bar his claim when he has acted in a timely manner and cannot now use other proceedings either because they were mooted by his release or cannot be invoked because he is no longer in custody. We reject this argument. It may succeed in other circuits. *See Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001). But the Third Circuit has rejected it. *Williams*, *supra*, 453 F.3d at 177-78; *Gilles v. Davis*, 427 F.3d 197, 209-10 (3d Cir. 2005).

Second, Plaintiff argues Heck does not apply because he is not challenging the underlying conviction or sentence, just "the administrative miscalculation of his release date." (Doc. 7, Opp'n Br. at p. 7). We disagree. Even a challenge to an "administrative" calculation calls into question the validity of the confinement, especially here when the challenge is a substantive one, based on the proper way of calculating credit for time served. *See Royal*, *supra*, 254 F. App'x at 165 (applying *Heck* against the

plaintiff's claim that he was "not calling into question the validity of the sentence or the conviction, but rather just the calculation of time served").

Third, Plaintiff argues we should not follow *Williams* and *Gilles* because they were decided before the Supreme Court's decision in *Wallace v. Cato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). Plaintiff argues that his claim is analogous to a claim for false imprisonment, and the Supreme Court held in *Wallace* that *Heck* did not apply to a false-imprisonment claim because a plaintiff on such a claim is not being held pursuant to legal process. (Doc. 7, Opp'n Br. at p. 10). As part of this argument, Plaintiff reiterates his position that he is "simply challenging the administrative calculation of his release date." (*Id.*).

We reject this argument. Plaintiff misinterprets *Wallace*. That case dealt with the issue of when the statute of limitations for a section 1983 cause of action for false imprisonment begins to run. The Court held that the cause of action accrued, and hence the limitations period began to run, when the plaintiff was subjected to legal process after his arrest, because that was when his false imprisonment ended. 549 U.S. at 390, 127 S.Ct. at 1096. In making this decision, the Court rejected an accrual date, based on *Heck,* running from the date charges were dropped. The Court said that *Heck* was not relevant because *Heck* only applies when there is a conviction or sentence that has not been invalidated, *id.* at 393, 127 S.Ct. at 1097, and the tort of false imprisonment accrues at a time before there is a conviction or sentence. *Id.*, 127 S.Ct. at 1098.

Plaintiff is therefore incorrect is asserting that Wallace held that *Heck* did not apply to a false-imprisonment claim because a plaintiff on such a claim is not being held pursuant to legal process. Moreover, Plaintiff's claim is not analogous to one for false imprisonment in any event. The Parole Board's calculation of the remaining time to be served on his sentence arises from a conviction and sentence, as his own Complaint makes clear.

Finally, citing *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), and *Heck*'s discussion of *Wolff*, 512 U.S. at 482-83, 114 S.Ct. at 2370, Plaintiff argues that *Heck* does not apply because he is challenging the procedures used to determine his release date, not the lawfulness of his incarceration. We disagree. Plaintiff's Complaint does not challenge procedures, only the substance of the decision under Pennsylvania case law in setting his release date.[1]

We will issue an appropriate order. We note that Plaintiff had set forth a state-law claim for false imprisonment in Count II of the Complaint, but that he consents to the dismissal of that count. (Doc. 7, Opp'n Br. at p. 3 n.1).

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: March 19, 2013

---

[1] Plaintiff also cites *Lee v. Stickman*, 357 F.3d 338 (3d Cir. 2004), but that case does not assist him. It held that exhaustion of state-court remedies was excused for a 28 U.S.C. § 2254 petition when the state courts had failed to address the merits of the petitioner's claims for eight years.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MARTIN DEEMER,<br>Plaintiff | : | |
| vs. | : | CIVIL NO. 1:CV-12-1143 |
| JEFFREY A. BEARD, et al.<br>Defendants | : | (Judge Caldwell) |

*O R D E R*

AND NOW, this 19th day of March, 2013, upon consideration of Defendants' motion (Doc. 4) to dismiss, it is ordered that:

1. The motion (Doc. 4) is GRANTED.

2. Plaintiff's Complaint (Doc. 1) is hereby DISMISSED.

3. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge